UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. EDCV 18-2622-MWF (SPx)     Date: March 19, 2019
Title:     Glenn Hitomi, et al. v. Ford Motor Company, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:     Court Reporter:
Rita Sanchez     Not Reported

Attorneys Present for Plaintiff:     Attorneys Present for Defendant:
None Present     None Present

**Proceedings (In Chambers):** ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS [10]; AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA AND AWARD OF COSTS AND EXPENSES RESULTING FROM REMOVAL [11]

Before the Court are two motions:

First, there is Defendant Ford Motor Company's ("Ford") Motion for Judgment on the Pleadings (the "JOP Motion"), filed on February 13, 2019. (Docket No. 10). Plaintiffs Glenn Hitomi and Debra Hitomi filed an Opposition on February 25, 2019. (Docket No. 15). Ford filed a Reply on March 4, 2019. (Docket No. 16).

Second, there is Plaintiffs' Motion for Remand to Superior Court of California and Award of Costs and Expenses Resulting from Removal (the "Remand Motion"), filed on February 15, 2019. (Docket No. 11). Ford filed an Opposition on February 25, 2019. (Docket No. 14). Plaintiffs filed their Reply on March 4, 2019. (Docket No. 17).

The Court read and considered the papers submitted on the two motions and held a hearing on March 18, 2019. For the reasons discussed below, the two motions are ruled upon as follows:

- The Remand Motion is **GRANTED**. Ford has not established that Fritts Ford, the dealership, was fraudulently joined, "fraudulent" being used here with its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-2622-MWF (SPx)     Date: March 19, 2019
Title:    Glenn Hitomi, et al. v. Ford Motor Company, et al.

technical jurisdictional meaning. Specifically, Ford has provided no evidentiary showing that Plaintiffs were members of a settlement class in another action, thereby releasing their claims against Fritts Ford. Moreover, Plaintiffs' claims are timely because there are sufficient allegations of delayed discovery. Finally, the Court declines to exercise its discretion to drop Fritts Ford as a Defendant. Because Plaintiffs are California residents and Fritts Ford is a California corporation, this Court lacks diversity jurisdiction and the action must be remanded.

- The JOP Motion is **DENIED** *as moot*.

## I. BACKGROUND

On November 19, 2018, Plaintiffs commenced this action in the Riverside County Superior Court. (*See* Notice of Removal ("NoR"), Ex. A, Complaint (Docket No. 1-1)). Plaintiff are individuals residing in Anaheim, California. (*Id.* ¶ 3). Ford is a Delaware corporation whose principal place of business is in Michigan. (*Id.* ¶ 4; *see* NoR ¶ 22). Defendant Warren-Anderson Ford Inc. d/b/a Fritts Ford ("Fritts Ford") is a California corporation conducting business in Riverside County. (Compl. ¶ 5).

The Complaint alleges as follows:

On January 8, 2005, Plaintiffs purchased from Fritts Ford a new 2005 Ford Excursion. (*Id.* ¶ 9). The vehicle was equipped with a 6.0-liter PowerStroke diesel engine and came with a warranty guaranteeing engine repair for five years or 100,000 miles. (*Id.* ¶ 10). After purchasing the vehicle, Plaintiffs "began experiencing problems with [the vehicle's] 6.0-liter engine." (*Id.* ¶ 57). Plaintiffs "attempted to have the engine issues fixed on many occasions" by Fritts Ford and other authorized repair facilities and received repeated assurances that the "repairs 'fixed' the problems." (*Id.* at ¶¶ 61–62). The repairs were as follows:

- On February 28, 2006, Plaintiffs brought their vehicle to an authorized Ford repair facility "because of a need for an exhaust pressure sensor replacement,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-2622-MWF (SPx)            Date: March 19, 2019
Title:    Glenn Hitomi, et al. v. Ford Motor Company, et al.

and the service personnel "represented to Plaintiffs that their [v]ehicle was fixed" (*Id.* ¶ 82);

- On September 2, 2008, Plaintiffs brought their vehicle to an authorized Ford repair facility "because of an oil leak," and the service personnel "represented to Plaintiffs that their [v]ehicle was fixed" (*Id.* ¶ 84);

- On December 14, 2010, Plaintiffs brought their vehicle to an authorized Ford repair facility "because of [another] oil leak and the [v]ehicle running rough," and the service personnel "represented to Plaintiffs that their [v]ehicle was fixed" (*Id.* ¶ 83);

- On June 25, 2012, Plaintiffs brought their vehicle to a third-party repair facility because the vehicle was leaking coolant (*Id.* ¶ 85); and

- On February 13, 2017, Plaintiffs brought their vehicle to a third-party repair facility because the vehicle "would not go into drive mode." (*Id.* ¶ 86).

Plaintiff alleges that Ford knew "of the 6.0-liter engine's many flaws and quality concerns" and "had authorized dealers implement a 'Band-Aid' strategy that allowed the dealers to take only limited repair measures." (*Id.* ¶¶ 33, 37).

Plaintiffs assert six claims for relief: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) fraud in the inducement (concealment); (4) fraud in the performance of a warranty contract; (5) violation of the Song-Beverly Consumer Warranty Act, Cal Civ. Code § 1790; and (6) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code. § 1770. (*Id.* ¶¶ 92–260). Plaintiffs assert claims one, two, three, five, and six against Ford and Fritts Ford, and claim four against Ford only.

On December 18, 2018, Ford timely removed the action, invoking the Court's diversity jurisdiction and asserting that Fritts Ford was fraudulently joined. (*See* NoR ¶¶ 21–23).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-2622-MWF (SPx)                Date: March 19, 2019
Title:      Glenn Hitomi, et al. v. Ford Motor Company, et al.

## II.   DISCUSSION

As both parties acknowledge, the threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mort. Co.,* 340 F.3d 858, 861 (9th Cir. 2003). Federal question jurisdiction is not asserted and the jurisdictional amount is not disputed. The issue, then, is whether Fritts Ford defeats complete diversity, or whether the Court should disregard its presence on fraudulent joinder grounds.

"Because plaintiff's motion to remand challenges the basis of the court's subject matter jurisdiction, the court may consider extrinsic evidence." *Prime Healthcare Servs. – Shasta, LLC v. Sierra Pacific Indus.*, No. 15-cv-2007-CMK, 2016 WL 740529, at *2 (E.D. Cal. Feb. 25, 2016) (citing *McCarthy v. U.S.*, 850 F.2d 558 (9th Cir. 1988)). While, in the context of a motion to remand due to lack of diversity jurisdiction, it is "well established that courts may pierce the pleadings . . . and examine evidence," it is "also well established that courts ought to construe facts in favor of the plaintiff where there is disputed evidence." *Reynolds v. The Boeing Co.*, No. 15-2846-SVW (ASx), 2015 WL 4573009, at *3 (C.D. Cal. Jul. 28, 2015) (internal quotation marks and citations omitted).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citation omitted).

### A.   Fraudulent Joinder

An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Id.* (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)). The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-2622-MWF (SPx)          Date:  March 19, 2019
Title:     Glenn Hitomi, et al. v. Ford Motor Company, et al.

A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds*, 2015 WL 4573009, at *2 ("To prove fraudulent joinder, the removing defendant must show that ***settled*** law ***obviously*** precludes the liability against the nondiverse defendant.") (emphasis added).

Because defendants face a heavy burden in establishing that removal is appropriate, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)). "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Here, Ford argues that Fritts Ford's joinder is fraudulent because Plaintiffs' claims against Fritts Ford are barred by the doctrine of res judicata and by various statutes of limitation. (Remand Opp. at 4–12). Ford also argues that, alternatively, the Court should exercise its discretion under Federal Rule of Civil Procedure 21 to drop Fritts Ford as a party. (*Id.* at 12–15).

### 1.     **Res Judicata**

Ford first argues that Plaintiffs' claims against Fritts Ford are barred by the doctrine of res judicata because Plaintiffs "were class members in a prior class action that contained similar claims and they did not opt out of a class settlement that contained a broad release." (*Id.* at 12). That prior class action is *In re Navistar 6.0L*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-2622-MWF (SPx)                 Date: March 19, 2019
Title:    Glenn Hitomi, et al. v. Ford Motor Company, et al.

*Diesel Engine Products Liability Litigation*, No. 11-cv-02496 (N.D. Ill.) (the "*Navistar* Action"), a case against Ford that settled in 2013. (*Id.* at 4–5).

> The settlement class in the *Navistar* Action is defined as follows:
>
> All entities and natural persons in the United States (including its Territories and the District of Columbia) who currently own or lease (or who in the past owned or leased) a model year 2003–2007 non-ambulance Ford vehicle sold or leased in the United States and equipped with a 6.0-liter PowerStroke diesel engine that received one or more repairs covered by Ford's New Vehicle Limited Warranty during the vehicle's first five years in service or 100,000 miles, whichever comes first, to: a fuel injector; the exhaust gas recirculation ("EGR") valve; the EGR cooler; the oil cooler; or the turbo charger ("Class Vehicle").

(*See* Declaration of Robert C. Rodriguez ("Rodriguez Decl.") ¶ 8, Ex. E (Docket No. 14-4)).

While Fritts Ford was not a party in the *Navistar* Action, Ford argues that res judicata applies because the settlement class in the *Navistar* Action, which includes Plaintiffs, agreed to a broad release of claims relating to the defective 6.0-liter engine. (Remand Opp. at 5–7).

The Court disagrees for the following two reasons:

***First***, Ford's arguments in this action are identical to the arguments Ford raised in *Rodarte v. Ford Motor Company, et al.*, No. CV 18-10499-DMG (JEMx), 2019 WL 1100150, at \*1–7 (C.D. Cal. Mar. 7, 2019). In *Rodarte*, the district court rejected Ford's argument that res judicata bars the plaintiff's claims against Vista Ford Oxnard Inc. ("Vista Ford"). *Id.* at \*3. The court in *Rodarte* noted, and the Court agrees, that the "*Navistar* settlement release may include claims similar to [p]laintiff's . . . [b]ut Ford has provided no evidence that [p]laintiff was a member of the settlement class." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-2622-MWF (SPx)   Date: March 19, 2019
Title:   Glenn Hitomi, et al. v. Ford Motor Company, et al.

Although the ruling in *Rodarte* is not binding on this Court, its reasoning is highly persuasive. As in *Rodarte*, Ford argues that Plaintiffs do not appear on the list of individuals who opted out of the settlement class in the *Navistar* Action. (Remand Opp. at 6; *see* Rodriguez Decl. ¶ 7, Ex. D). And as in *Rodarte*, the Court concludes that the facts that Plaintiffs owned a vehicle equipped with a 6.0-liter PowerStroke diesel engine and that their names do not appear on the list of individuals who opted out of the settlement class in the *Navistar* Action are "not enough to show that Plaintiff[s] were [] class members to begin with." *Rodarte*, 2019 WL 1100150, at *3.

Indeed, Ford offers no factual support that Plaintiffs' vehicle actually underwent warranty repairs that were subject to the settlement class (i.e., within five years or 100,000 miles of the date of purchase and related to a fuel injector, EGR valve or cooler, oil cooler, or turbo charger). Based on Plaintiffs' allegations, the two repairs that seemingly fall within the relevant timeframe were related to an exhaust pressure sensor replacement and oil leak, issues that appear not to be covered by the settlement agreement.

***Second***, the court in *Rodarte* also noted, and the Court again agrees, that even if Plaintiffs were members of the *Navistar* Action settlement agreement, there are sufficient facts to conclude that Fritts Ford—like Vista Ford—was not fraudulent joined. *See Rodarte*, 2019 WL 1100150, at *3.

As discussed in *Rodarte*, this case mirrors the arguments raised in *Hunter*, 582 F.3d at 1044–45. In *Hunter*, the Ninth Circuit considered whether the federal preemption of claims against a non-diverse defendant warranted removal and concluded that, if federal preemption applied to the claims against the non-diverse defendant, it applied to the claims of all defendants, "effectively decid[ing] the entire case." *Id.* at 1045 (citation omitted). Because "the preemption question require[d] an inquiry into the merits of the plaintiff's claims against all defendants," the Ninth Circuit determined that there was no fraudulent joinder and explained its reasoning as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-2622-MWF (SPx)           Date:  March 19, 2019
Title:    Glenn Hitomi, et al. v. Ford Motor Company, et al.

> [W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, ***there is no improper joinder; there is only a lawsuit lacking in merit.*** In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such—an allegation that . . . "the plaintiff's case [is] ill[-]founded as to all the defendants."

*Id.* at 1044–45 (citation omitted and emphasis added).

Here, as in *Rodarte*, a decision that Plaintiffs released their claims against Fritts Ford would "effectively decide[] the entire case" because Plaintiffs' release would also apply to their claims against Ford. *See id.* at 1045. And as in *Rodarte*, Ford should have brought its settlement release argument "in the context of attacking the merits of [Plaintiffs'] case, rather than as a basis for removing the case to federal court." *See Rodarte*, 2019 WL 1100150, at *4 (quoting *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 571 (5th Cir. 2004)).

### 2. Statute of Limitations

As a preliminary matter, the statute of limitations is two years for Plaintiffs' negligent misrepresentation claim, three years for the fraud-based claims, three years for a claim for violation of the CLRA, and four years for a claim for violation of the Song-Beverly Act. Cal. Civ. Proc. Code §§ 338(d), 339(1); Cal. Civ. Code § 1783; Uniform Commercial Code § 2725.

Ford argues that "Plaintiffs' vehicle was purchased in 2005, over thirteen years before [they] filed the present suit in November 2018," and therefore, they "should have discovered their causes of action many years ago." (Remand Opp. at 7). Ford also argues that Plaintiffs' conclusory allegations of "delayed discovery" or "equitable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-2622-MWF (SPx)			Date:  March 19, 2019
Title:	Glenn Hitomi, et al. v. Ford Motor Company, et al.

estoppel" do not excuse their noncompliance with applicable statutes of limitations. (*Id.*).  In response, Plaintiffs argue that they did not discover "the existence of [their] claims [until] February 13, 2017, after the warranty had expired."  (Remand Reply at 5 (citing Compl. ¶¶ 74, 76, 86)).

As unlikely as these allegations appear—and unsupported as they may turn out to be—as allegations they are sufficient.  The discovery rule allows for tolling of the statute of limitations in certain circumstances.  A plaintiff may simply have no cause to suspect that he or she has been injured at the exact moment the injury accrued.  In such instances, the plaintiff "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808, 27 Cal. Rptr. 3d 661 (2005).  "In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence' . . . ."  *Id.* (quoting *McKelvey v. Boeing N.A., Inc.*, 74 Cal. App. 4th 151, 160, 86 Cal. Rptr. 2d 645 (1999)).

Here, Plaintiffs have sufficiently alleged that their claims are not time-barred because Plaintiffs have adequately alleged that they did not discovery defects until February 13, 2017; the statute of limitations for each of Plaintiffs' claims is two years or longer; and Plaintiffs commenced this action on November 19, 2018.

More specifically, Plaintiffs allege that it was not until February 13, 2017, when their vehicle "required another repair for similar problems after the express warranty had expired and Plaintiffs incurred $200.79 in out-of-pocket expenses that Plaintiffs first discovered, or reasonably could have discovered, that [Ford's] previous repairs to the engine during the express warranty period had failed to conform Plaintiffs' [v]ehicle to the express warranty."  (Compl. ¶ 74).  Indeed, in all three previous visits to an authorized Ford repair facility—on February 28, 2006; September 2, 2008; and December 14, 2010—Plaintiffs allege that they were reassured by service personnel that their vehicle "was fixed."  (*See id.* ¶¶ 82–84).  Because Ford's "authorized repair facility personnel continually represented that the repairs 'fixed' the problems with Plaintiffs' 6.0-liter engine," Plaintiffs contend that they reasonably relied Ford's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-2622-MWF (SPx)                  Date:  March 19, 2019
Title:     Glenn Hitomi, et al. v. Ford Motor Company, et al.

representations.  (*See id.* ¶¶ 61–62).  Plaintiffs finally contend that they "could not have known" Ford's inability to repair the defects because Ford allegedly "went through great lengths to ensure that such information remained confidential."  (*See id.* ¶¶ 16–56, 80).

As in *Rodarte*, Ford argues that Plaintiffs' Complaint is "silent on their alleged 'diligence' or exactly how they were alleged unable 'to have made earlier discovery despite reasonable diligence."  (Remand Opp. at 11).  And as in *Rodarte*, the Court cannot identify any further actions that Plaintiffs could have taken to discover the defects in their vehicle.  Moreover, it is "unreasonable to argue that Plaintiff[s] should have done more to explore the problems with [their] engine and should have known that the problems could never be repaired, despite [Fritts Ford] and other authorized repair facilities' [alleged] assertions that each repair fixed the problems."  *Rodarte*, 2019 WL 1100150, at *6.

To the extent Ford argues that the "settlement of the *Navistar* class action put Plaintiffs on notice of their fraud-based claims and their CLRA claim," the Court disagrees because, as noted above, Ford has failed to provide factual support that Plaintiffs were members of the settlement class in the *Navistar* Action in the first place.  (*See* Remand Opp. at 7).

In sum, Plaintiffs have sufficiently alleged (1) diligence in investigating the defects with their engine by continually taking their vehicle in for repairs, and (2) the time and manner of discovery and the reasons why they were unable to discover their claims prior to February 13, 2017.  Therefore, for purposes of the strict doctrine of fraudulent joinder, Plaintiffs' claims are timely and not barred by the various statutes of limitations.

### 3.     Dropping Fritts Ford as a Party

Ford finally argues that "[e]ven if fraudulent concealment has not been established, the circumstances are sufficiently suspicious, and the prejudice to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-2622-MWF (SPx)               Date: March 19, 2019
Title:    Glenn Hitomi, et al. v. Ford Motor Company, et al.

Plaintiffs so lacking, that this Court should exercise its discretion under [Rule 21] to drop Fritts Ford." (Remand Opp. at 12).

"[T]he court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *accord Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1263 (C.D. Cal. 2014) ("If joinder is improper, Rule 21 provides that the court may, on its own or a party's motion, 'at any time, on just terms, add or drop a party.' (citations omitted)). Therefore, if plaintiffs fail to meet the standard for permissive joinder, "the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (citations omitted). In appropriate cases, courts can remedy misjoinder by dismissing the claims of all but the first named plaintiff without prejudice to the filing of individual actions. *Id.* at 1350–51.

Here, the Court concludes that the inclusion of Fritts Ford as a Defendant is proper. Plaintiffs' claims against Ford and Fritts Ford are inextricably linked and involve significant overlapping questions of fact and law. Most of Plaintiffs' asserted claims against Ford and Fritts Ford relate to the same allegations that certain engine defects were fraudulently and/or negligently concealed. Both Ford and its authorized retailers (*e.g.*, Fritts Ford) represented to Plaintiffs that their vehicle "did not have inherent defects and that the truck could be repaired." (Remand Reply at 16 (citing Compl. ¶¶ 16–32, 35–80)). It would therefore make little sense for Plaintiffs to pursue similar claims against Ford and Fritts Ford in two separate actions and courts.

Ford, acknowledging that there is "scant authority" that discusses the factors that should be considered when applying Rule 21 under these circumstances, suggests that the Court should apply "the same factors that courts consider in deciding whether to permit joinder of a non-diverse defendant after removal under 28 U.S.C. § 1447(e) . . . ." (Remand Opp. at 14). The Court disagrees, since the key distinction is that § 1447(e), which applies only to "***additional defendants***" that a plaintiff seeks to join "after removal," is inapplicable here because Plaintiffs named Fritts Ford in their original Complaint. § 1447(e) (emphasis added). Ford's argument is an attempt to get around the very heavy burden that is established for fraudulent joinder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-2622-MWF (SPx)           Date:  March 19, 2019
Title:     Glenn Hitomi, et al. v. Ford Motor Company, et al.

Simply put, Ford has provided no reason why, on just terms, the Court should drop Fritts Ford.  Accordingly, the Remand Motion is **GRANTED**.

## B.    Attorneys' Fees and Costs

Plaintiffs also request an award of attorneys' fees and costs incurred in connection with Ford's removal and this Motion.  (Mot. at 11–12).  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Court may award attorneys' fees where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Whether or not to award fees and costs under § 1447(c) is within the Court's discretion.  *See* 28 U.S.C. § 1447(c) ("order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal") (emphasis added); *Dall v. Albertson's Inc.*, 349 F. App'x 158, 159 (9th Cir. 2009) ("Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees . . . .").

Given that removal in this action was at least colorable, Plaintiffs' request for attorneys' fees and costs is **DENIED**.

## III.    CONCLUSION

For the reasons discussed above, the Remand Motion is **GRANTED** and the JOP Motion is **DENIED** *as moot*.  The Court **REMANDS** this action to the Riverside County Superior Court.  Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling on the merits of the action, or whether a demurrer should be sustained in Superior Court.

IT IS SO ORDERED.